IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of M.O.K., a person under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) ) | Case No. 20120117-CA |
| E.O., | ) ) | F I L E D |
| Appellant, | ) ) | (June 1, 2012) |
| v. | ) ) | 2012 UT App 157 |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

Seventh District Juvenile, Moab Department, 1041035
The Honorable Mary L. Manley

Attorneys:     Happy Morgan, Moab, for Appellant
                  Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee
                  Martha Pierce, Salt Lake City, Guardian Ad Litem

-----

Before Judges McHugh, Voros, and Orme.

¶1     E.O. (Father) appeals the juvenile court's order terminating his parental rights in M.O.K.  We affirm.

¶2     Father first asserts that the juvenile court erred in granting partial summary judgment regarding grounds for termination because there was insufficient notice and the procedure violated his due process rights by curtailing his ability to present evidence.  This issue was not preserved, however.  To preserve an issue for appeal, "the

issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. This requirement alerts the trial judge to an asserted error and permits the opportunity to correct the error in a timely and efficient manner. *See id.* To be sufficiently raised in a trial proceeding, the issue must be raised in a timely fashion, the issue must be specifically raised, and the party asserting the issue must provide some supporting evidence or relevant legal authority. *See id.*

¶3     At trial, Father's counsel opposed partial summary judgment, stating that "[Father] would like the court to disregard the ruling from the court of appeals that [the State] has just made reference to, and instead look at him in his entirety before the court makes a decision regarding his parent[al] fitness or unfitness." Father did not object to the procedure itself as a concern, nor did he assert any due process issue. He did not provide any legal authority on a position, nor did he proffer any evidence that would create a genuine dispute of fact after the presentation of the State's case in chief, which was comprised of stipulated exhibits and facts and Father's own testimony. The statement that Father would like the court to "look at him in his entirety" does not raise a specific due process objection on which the juvenile court could make a ruling. Accordingly, his due process issue was not preserved for appeal.

¶4     Father also argues that the juvenile court erred in determining that his continued relationship with H.K. (Mother) automatically rendered him unfit. Father implies that the juvenile court found him to be unfit only because of his continued relationship with Mother, whose parental rights had previously been terminated. However, this was not the only evidence supporting termination. Although Father's continued relationship with Mother was a significant factor—particularly given the details of deception of the court and an indication that Mother and Father may abscond—the relationship was not the sole factor considered by the juvenile court in terminating Father's parental rights. Father's continued drug use and overall instability also supported the grounds for termination.

¶5     The juvenile court noted that Father had lived in three different residences in the months prior to trial, including being evicted from one residence after ninety days, the longest time of residence in a single place. His employment was also inconsistent, and he was unemployed at the time of trial. Father had tested positive for drugs and had missed several tests. He had not completed drug-related components of his service

plan and had dropped out of drug court. These factors, in addition to Father's continuing relationship with Mother in violation of court orders, support the juvenile court's finding of grounds for terminating Father's parental rights. Because of "the factually intense nature" of parental rights determinations, juvenile courts are given a high degree of deference. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.* Given the evidentiary foundation in the record, the juvenile court did not abuse its discretion in finding grounds for terminating Father's parental rights.

¶6    Affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge